IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05CV334-F |
| | ) | [WO] |
| BERNICE FARROWS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

On 11 April 2005, the plaintiff, Thomas Savage ["Savage"], filed a pro se complaint against the following defendants: Bernice Flowers ["Flowers"]; Reese McKinney, Jr. ["McKinney"], Montgomery County Probate Judge; Judge Eugene W. Reese ["Reese"], Montgomery County Circuit Judge; Jacqueline E. Austin ["Austin"], an attorney; J. Pratt Austin-Trucks ["Austin-Trucks"]; James Farrows ["Farrows"]; A. M. James ["James"]; R. D. Williams ["Williams"]; J. C. Kephart ["Kephart"]; Jeremiah Johanson ["Johanson"]; Robert Guest ["Guest"]; and Guest Company.

Savage also filed a motion for leave to proceed in forma pauperis pursuant to the provisions of 28 U.S.C. § 1915. For the reasons that follow, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED pursuant to 28 U.S.C. §1915 (e)(2)(B). Savage has not stated a federal cause of action against the defendants; thus, the claims presented in this case lack an arguable basis and are therefore due to be dismissed before service upon application of 28 U.S.C. §1915(e). ***Neitzke v. Williams***, 490 U.S. 319 (1989).

## I.   DISCUSSION

Although the plaintiff does not identify the federal statute under which he is attempted to proceed, the court assumes that, because he alleges "civil rights" violations, the plaintiff wishes to posit his constitutional claims of Due Process pursuant to 42 U.S.C. §1983.  His claims may not proceed for the following reasons.

### A.   *The Claims Against Judge McKinney and Judge Reese*

The law is well-settled that state judges are absolutely immune from damages liability when sued under 42 U.S.C. §1983 for actions taken in the course of their judicial duties. ***Forrester v. White***, 484 U.S. 219, 227-229 (1988); ***Paisey v. Vitale in and for Broward County***, 807 F.2d 889 (11th Cir. 1986); ***Stump v. Sparkman***, 435 U.S. 349 (1978).  Savage alleges that Judge McKinney "failed to review . . . Bernice Farrows' blanket bond periodically".  Although he has not identified Judge Reese by name as a wrongdoer, he alleges that "the Circuit Court has failed to rule on the Plaintiff's Motions".

Clearly, both actions are actions taken in the course of the judges' official duties.  To the extent that Savage seeks a declaratory judgment for actions taken by these judges, this court lacks jurisdiction to render such judgment.  A federal court has no jurisdiction or right to grant relief under 42 U.S.C. §1983 with respect to challenges to state court decisions in particular cases arising out of state judicial proceedings even if those challenges allege that the state court's action is unconstitutional.  ***Berman v. Florica Board of Bar Examiners***, 794 F.2d 1529 (11th Cir. 1986).  An action filed pursuant to 42 U.S.C. §1983 may not be used

as a substitute to appeal a state court decision. ***Rolleston v. Eldridge,*** 848 F,2d 163 (11th Cir. 1988). For these reasons, dismissal of the plaintiff's claims against Judge McKinney and Judge Reese is appropriate under 28 U.S.C. §1915(e). ***See Clark v. State of Georgia Pardons and Paroles Board***, 915 F.2d 636 (11th Cir. 1990).

### B.     *The Claims Against Austin*

Savage alleges that Austin conspired to violate his constitutional rights by depriving him of due process of law. An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of was committed by a person acting under color of state law. ***Parratt v. Taylo****r*, 451 U.S. 527 (1981).

Neither a retained attorney nor an appointed attorney representing a party in a criminal or civil case in state court proceedings acts under color of state law. ***See Polk County v. Dodson***, 454 U.S. 312 (1981); ***Mills v. Criminal District Court No. 3***, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not oficial state actors and . . . are not subject to suit under section 1983."). Thus, the claims asserted by Savage against Austin are frivolous as they are "based on an indisputably meritless legal theory." They are therefore subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### C.     *The Claims Against the Other Defendants*

To state a claim for relief, Section 1983 litigants have the burden of alleging two elements with some factual detail: "(1) that they suffered a deprivation of 'rights, privileges

or immunities secured by the Constitution and laws' of the United States," and (2) that a person "acting under color of law" *caused* the deprivation, either by an act or omission. ***Wideman v. Shallowford Community Hosp., Inc***., 826 F.2d 1030, 1032 (11th Cir.1987) (emphasis added) (citation omitted).

When a court begins to analyze a Section 1983 claim, it must first "identify the specific constitutional right allegedly infringed." ***Albright v. Oliver***, 510 U.S. 266 (1994).[1] Whether a constitutional violation has occurred can only be determined by applying the standards applicable to that particular constitutional provision. ***See Graham v. Connor***, 490 U.S. 386, 394 (1989). In this case, although Savage alleges that his federal claim is grounded in due process clause of the Fourteenth Amendment (Doc. # 1, p. 2), he fails to allege or even suggest that any of the remaining defendants acted under color of law or on behalf of the state or other governmental entity.

In order to maintain an action under 42 U.S.C. § 1983, the conduct complained of must have been committed by a person acting under color of state law. ***Parratt v. Taylor***, 451 U.S. 527 (1981); ***American Mfrs. Mut. Ins. Co. v. Sullivan***, 526 U.S. 40, 49 (1999) (To "state a claim for relief in an action brought under §1983, [the plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action

---

[1] Section 1983 "is not itself a source of substantive rights," rather it provides "a method for vindicating federal rights elsewhere conferred." ***Baker v. McCollan***, 443 U.S. 137, 144 (1979).

4

requirement of the Fourteenth Amendment, the under-color-of-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."). *See also Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003).[2]

The actions about which Savage complains were not committed by persons acting under color of state law. Consequently, the claims presented in this case lack an arguable basis and are therefore due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B) *Neitzke v. Williams*, 490 U.S. 319 (1989).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this cause be dismissed as frivolous within the meaning of 28 U.S.C. §1915(e)(2)(B).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before 7 July 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and

---

[2]*See Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S. Ct. 2764, 2769-70, 73 L. Ed. 2d 418 (1982) ("In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." (quoting *United States v. Price*, 383 U.S. 787, 794 n.7 (1966)).

recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 22nd day of June, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE